ORDER: The motion is **GRANTED**.

_____
Alistair E. Newbern
U.S. Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PATRIOT ANGELS CONSULTING CORP**, a Tennessee corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 3:24-cv-00087 |
| v. | ) ) District Judge Eli J. Richardson ) Magistrate Judge Alistair Newbern |
| **VETERANS OF FOREIGN WARS OF THE UNITED STATES**, a Missouri corporation, | ) ) ) ) |
| Defendant. | ) |

## SECOND JOINT MOTION TO AMEND CASE MANAGEMENT ORDER

Pursuant to the March 6, 2025 Order entered by Magistrate Judge Alistair E. Newbern, ECF No. 73, and in accordance with Section M. of the Initial Case Management Order, ECF No. 26, Plaintiff Patriot Angels Consulting Corp ("Plaintiff") and Defendant Veterans of Foreign Wars of the United States ("Defendant"), collectively the "Parties," respectfully move the Court to amend the first Amended Case Management Order, ECF No. 62.

In support thereof, the Parties state as follows:

1. On April 1, 2024, the Court entered the Initial Case Management Order ("ICMO"), providing that fact discovery would close February 7, 2025, and setting the target trial date as February 10, 2026. ECF No. 26.

2. On July 17, 2024, Defendant served Plaintiff with its First Set of Requests for Production ("First Set of RFPs") and First Set of Interrogatories ("First Set of ROGs"). In response, Plaintiff advised that it was drafting a proposed Protective Order to cover some of the requested information and documents, after which the Parties finalized a mutually agreeable Stipulated Protective Order.

1

3. On August 26, 2024, the Court executed the Parties' Stipulated Protective Order. ECF No. 55.

4. On September 6, 2024, Plaintiff responded to Defendant's First Set of ROGs and First Set of RFPs. Upon review, Defendant requested that Plaintiff supplement certain of its discovery responses. Plaintiff agreed to do so.

5. On October 10, 2024, Plaintiff served its First Supplemental Responses to Defendant's First Set of ROGs and First Set of RFPs. Upon review, Defendant was still dissatisfied with Plaintiff's responses.

6. On October 30, 2024, counsel for the Parties conferred about the above-referenced discovery dispute. During this call, Defendant's counsel requested that the Parties participate in ESI. Plaintiff's counsel agreed to this request.

7. On October 31, 2024, Defendant submitted a request to the U.S. Department of Veterans Affairs ("VA") pursuant to *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy* request") and 38 CFR § 14.805, seeking documents reflecting and relating to communications between the VA, on the one hand, and Plaintiff and its representatives, on the other.

8. On November 8, 2024, Defendant's counsel emailed Plaintiff's counsel a proposed list of 32 search terms from 16 custodians for Plaintiff to include during its search of ESI. Plaintiff also served another supplemental document production on November 8.

9. In December 2024, having received no documents from the VA in response to the *Touhy* request, and to afford Plaintiff additional time to complete its search of ESI, Defendant's counsel asked Plaintiff's counsel if Plaintiff would consent to a request to extend pretrial deadlines so that Defendant would have time to review Plaintiff's and the VA's forthcoming document productions and use documents as appropriate in the course of

depositions before the close of discovery. Plaintiff agreed and, on December 10, 2024, the Parties jointly filed a request that the Court schedule a case management conference. ECF No. 59. The Court granted the request, and on December 18, 2024, the Parties appeared before the Court to request an extension of all then-pending case management deadlines, with the exception of the trial date.

10. At the December 18 conference, Plaintiff's counsel represented to the Court and Defendant's counsel that Plaintiff would begin a rolling production of requested electronically stored information ("ESI") in early January 2025, and complete its production by the end of the month. At that time, a two-month extension seemed sufficient time for Defendant to review Plaintiff's and the VA's forthcoming document productions so they could use them as needed for depositions by the close of discovery. ECF No. 62 ¶ 3.

11. Accordingly, on December 23, 2024, the Parties jointly moved to amend the ICMO and requested that all upcoming pretrial deadlines be extended by approximately two months. ECF No. 61.

12. The Court granted the motion and entered the Amended Case Management Order ("ACMO") which adopted all of the Parties' requested deadlines. ECF No. 62. The ACMO states that the Parties shall complete all fact discovery on or before April 8, 2025. *Id.*

13. Around this same time, the VA informed Defendant's counsel that some of the documents requested in the *Touhy* request are protected by the Privacy Act of 1974, such that the VA required a court order prior to producing any such documents. After counsel for Defendant informed counsel for Plaintiff of the VA's position, the Parties jointly moved for an Order authorizing the VA to release the requested documents in

3

response to the *Touhy* request. ECF No. 63. On February 4, 2025, the Court granted the Parties' joint motion. ECF No. 68.

14. On February 4, 2025, Defendant's counsel informed the VA of the Court's order authorizing release of the requested documents. On February 27, 2025, a VA attorney informed Defendant's counsel that processing the documents for production was time consuming and still but underway. To date, the VA has not yet produced any documents. In light of the recent news regarding the dismissal of more than 2,400 VA employees (*VA dismisses more than 1,000 employees*, VA.gov (Feb. 13, 2025), https://news.va.gov/press-room/va-dismisses-more-than-1000-employees/; *VA dismisses more than 1,400 probationary employees*, VA.gov (Feb. 24, 2025), https://news.va.gov/press-room/va-dismisses-more-than-1400-probationary-employees/ ), as well as reports that the VA anticipates dismissing an additional 70,000 workers (*Veterans Affairs Department plans to cut thousands more jobs as part of Trump's cost-cutting efforts*, CBSNews.com (Mar. 5, 2025), https://www.cbsnews.com/news/department-of-veterans-affairs-jobs-trump-doge/), it remains unclear when the VA will be able to complete its processing of documents and produce them in accordance with the Court's Order.

15. Additionally, as detailed in Defendant's Request for Status Conference, ECF No. 69, Plaintiff did not complete its requested document production within the time frame set forth at the December 18 status conference. Plaintiff served the first of three tranches of ESI documents on January 30, followed by a larger production on February 4 and a still larger production on February 11. In total, between January 30 and February 11, 2025, Plaintiff produced nearly 360,000 documents, encompassing more than 1.5 million pages, in response to Defendant's First Set of RFPs and ESI search terms.

16. Although the Parties have been working diligently to meet the deadlines set forth in the ACMO, the Parties have not yet taken or scheduled any depositions due to the delay in the VA's completion of its document production in response to Defendant's *Touhy* request, discovery-related disputes between the Parties, and the Parties' agreement to participate in ESI discovery.

17. The Parties submit that an extension of the case management dates is also in the interest of judicial economy in light of Defendant's pending motion to dismiss Plaintiff's First Amended Complaint, the briefing on which closed on June 6, 2024. *See* ECF Nos. 36-39, 49, 50. Much of the time and expense of forthcoming discovery may be saved depending on when and how the Court rules on that motion.

18. On February 20, 2025, the Parties met and conferred regarding the upcoming case management deadlines. On February 25, 2025, they submitted a Joint Report to the Court, advising of their agreement that the best course of action is to move the Court to continue all upcoming deadlines, including the trial date, by at least six months. ECF No. 71.

19. On March 6, 2025, the Court entered an Order directing the Parties to file a motion requesting that the trial be continued until September 8, 2026 at the earliest, and to file a separate motion to amend the ACMO "with the extended deadlines proposed in their status report." ECF No. 73.

20. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Washington v. Riverview Hotel, Inc.*, No. 3:19-CV-00097, 2020 WL 12990974, at *2 (M.D. Tenn. May 14, 2020) (cleaned up)

(granting request to extend discovery and dispositive motion deadlines where movant had demonstrated diligence in attempting to meet original deadlines and the nonmoving party failed to demonstrate any prejudice).

21. There is good cause here to continue the ACMO deadlines. The Parties jointly represent that they have been diligently working to meet the deadlines set forth in the ACMO. However, because of the vast discovery record Plaintiff has proffered in response to Defendant's RFPs and ESI search terms, and because of uncertainty regarding when the VA will be providing documents responsive to the *Touhy* request– both of which document productions the Parties agree are important to the claims and defenses in this action – the Parties will require at least six more months to develop a complete factual record through written discovery and depositions.

22. The Parties therefore respectfully propose that the Court amend the ACMO by entering the following extended deadlines as proposed in its Joint Report, ECF No. 71:

   a. The Parties shall complete all written discovery and depose all fact witnesses on or before **October 8, 2025**.

   b. All motions related to fact discovery shall be filed no later than **October 22, 2025**.

   c. Approximately fourteen (14) days after the conclusion of fact discovery, or by **October 22, 2025**, the Parties shall submit a joint report confirming that they made a good faith attempt to resolve the case.

   d. Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **November 13, 2025**.

   e. Defendant shall identify and disclose all expert witnesses and expert reports on or before **December 17, 2025**.

  f.  All expert witnesses shall be deposed on or before **February 12, 2026**.

  g.  Dispositive motions shall be filed by no later than **March 26, 2026**.

  h.  The target trial date shall be **September 8, 2026**.[1]

23. In accordance with the March 6, 2025 Order, the Parties are contemporaneously filing a joint motion to continue the trial date to no earlier than September 8, 2026.

24. The proposed extensions will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.

For the foregoing reasons, the Parties respectfully move the Court to enter a Second Amended Case Management Order adopting the proposed deadlines the Parties have set forth herein.

Respectfully submitted,

/s/ Kaitlin E. White
Kaitlin E. White (TN Bar No. 037655)
Lucas A. Davidson (BPR #029955)
Buchalter, PC
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
(615) 708-7935
kwhite@buchalter.com
ldavidson@buchalter.com

John C. Clough
Buchalter, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017
(213) 891-0700
jclough@buchalter.com

*Counsel for Plaintiff Patriot Angels Consulting Corp.*

/s/ Robb S. Harvey
Robb S. Harvey (BPR #011519)
Holland & Knight
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8859
robb.harvey@hklaw.com

Robert S. Gutierrez
Ballard Spahr, LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
(424) 204-4400
GutierrezR@ballardspahr.com

Lauren P. Russell
Ballard Spahr, LLP
1909 K Street NW, 12th Floor

---

[1] The Joint Report proposed a trial date of August 10, 2026. *See* ECF No. 71. The Parties have revised this proposed date to conform with the March 6 Order. All other proposed dates align with the proposed dates included in the Joint Report.

Washington, DC 20006
(202) 661-7605
RussellL@ballardspahr.com

*Counsel for Defendant Veterans of Foreign Wars of the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, a copy of the foregoing was filed via the Court's CM/ECF system which is anticipated to send notice of such filing to the following counsel of record:

> Kaitlin E. White
> Lucas A. Davidson
> 18400 Von Karman Avenue, Suite 800
> Irvine, CA 92612-0514
> ldavidson@buchalter.com
> kwhite@buchalter.com
>
> John C. Clough
> Buchalter, A Professional Corporation
> 1000 Wilshire Boulevard, Suite 1500
> Los Angeles, California 90017
> (213) 891-0700
> jclough@buchalter.com

        s/ Robb S. Harvey