IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRIOT ANGELS CONSULTING CORP, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:24-cv-00087 |
| v. | ) ) | JUDGE RICHARDSON |
| VETERANS OF FOREIGN WARS OF THE UNITED STATES, | ) ) ) ) | |
| Defendant. | | |

## ORDER

Pending before the Court is a motion to dismiss filed by Defendant Veterans of Foreign Wars of the United States (Doc. No. 20, "Motion"). Defendant's Motion is brought on two grounds: first, for "Failure to State a Claim" (a ground referred to herein as the "Motion to Dismiss"), and second, pursuant to the "Tennessee Public Participation Act" (a ground referred to herein as the "Petition"). After the filing of the Motion, the "First Amended Complaint" (Doc. No. 31, "FAC") was filed by Plaintiff, Patriot Angels Consulting Corp, and has become the operative complaint in this case. For the reasons discussed below, the Court finds that both the Motion to Dismiss and the Petition are moot, and therefore the Court **DENIES** the Motion (Doc. No. 20) in its entirety.

Factual and Procedural Background

On January 26, 2024, Plaintiff filed a complaint in this Court (Doc. No. 1, "Complaint") to initiate this case. On March 21, 2024, Defendant filed the Motion (Doc. No. 20)—comprising, as noted above, the Motion to Dismiss and the Petition—with an accompanying memorandum in support (Doc. No. 23, "Opening Brief"). The Motion to Dismiss seeks dismissal of the Complaint

"pursuant to Federal Rule of Civil Procedure 12(b)(6)." (*Id.* at 1). On the other hand, the Petition "seeks dismissal and fees/costs under the Tennessee Public Participation Act ["TPPA"])". (Doc. No. 23 at 14).[1] On April 5, 2025, the Court ordered Plaintiff, in the event it "cho[se] to respond to the [Motion] by filing an amended complaint" to "also file a separate response in opposition to the portion of the [Motion] petitioning for dismissal of this action pursuant to the TPPA [i.e., the Petition]." (Doc. No. 30 at 1 n.2). On April 10, 2024, Plaintiff filed the FAC (Doc. No. 31) pursuant to Fed. R. Civ. P. 15(a)(1)(b). (*Id.* at 1). On the same day, Plaintiff filed its response (Doc. No. 32, "Response") to the Motion. Plaintiff's Response argues that Defendant's Petition should be dismissed because (1) "the burden-shifting framework imposed by the TPPA does not apply in federal court"; (2) "Defendant's TPPA Petition . . . is now moot," due to the filing of the FAC; and (3) the "Petition . . . is substantively without merit." (*Id.* at 1-4). Finally, on April 17, 2024, Defendant filed its reply in further support of the Motion, which is devoted almost entirely to why its Petition should not be dismissed. (Doc. No. 33, "Reply").

Discussion

Because the parties do not contest that the Motion to Dismiss has been mooted as a result of the filing of the FAC (Doc. No. 32; Doc. No. 33), the Court here follows its settled practice of denying motions to dismiss as moot upon the filing of an amended complaint. *Hugueley v. Parker*, No. 3:19-CV-00598, 2020 WL 636579, at *3 (M.D. Tenn. Feb. 11, 2020). Accordingly, the Court holds that Defendant's Motion to Dismiss is moot.

---

[1] The TPPA is frequently categorized as a so called "anti-SLAPP statute." *Charles v. McQueen*, 693 S.W.3d 262, 267 (Tenn. 2024). The SLAPP acronym "stands for strategic lawsuits against public participation." *Id.* "Like many other anti-SLAPP statutes, the TPPA establishes a procedure for swift dismissal of non-meritorious claims [brought under the TPPA]." *Id.*

That leaves the Petition for the Court to address. So doing may involve addressing three corresponding legal issues: (1) whether the filing of the FAC has rendered the Petition moot; (2) whether the procedural framework provided by the TPPA (for resolving TPPA claims) applies in federal court; and (3) whether the Petition is meritorious. When a motion[2] is moot, it "need not be considered by the Court." *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, No. 1:08-CV-00346, 2008 WL 5123129, at *2 n.1 (S.D. Ohio Dec. 3, 2008). *See also Assoc. Indemn. Corp. v. Dow Chem. Co.*, 248 F. Supp. 2d 629, 633 n.3 (E.D. Mich. 2003) ("The Court shall not address these motions because they are moot."); *Gritton v. Disponett*, No. 3:05-75-JMH, 2007 WL 3407459, at *1 n.1 ("The Court need not consider the merits of this motion; it is now moot and will be denied accordingly."). Therefore, the Court will consider (i) whether the Petition has been mooted by the filing of the FAC; and, if not, (ii) whether the framework provided by the TPPA may be applied in federal court such that the Court may consider the Petition; and, if so, (iii) whether the Petition is meritorious. As explained below, the Court concludes that the filing of the FAC moots the Petition, so it declines to consider at this time the other issues raised in the briefing.

As Defendant notes, whether a TPPA Petition challenging an original complaint is rendered moot by the filing of an amended complaint is "a matter of first impression." (Doc. No. 33 at 3).

Typically, when "an amended pleading is interposed, the original pleading no longer performs any function in the case. The general rule is that filing an amended complaint moots pending motions to dismiss." *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (citations

---

[2] The term motion "generally means '[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.'" *Melendez v. United States*, 518 U.S. 120, 126 (1996) (quoting Black's Law Dictionary 1013 (6th ed. 1990)). Although Defendant's Petition may be unusual in that is seeks dismissal of the Complaint pursuant to the TPPA in federal court, by requesting "dismissal" under the TPPA, the Petition is plainly "[a]n application made to a court . . . for purpose of obtaining a rule . . . in favor of the applicant," *id.*, and thus this Court treats the Petition as a motion for the purposes of the mootness analysis.

omitted) (internal quotation marks omitted). Indeed, this Court has held that "the filing of an amended complaint renders any pending dispositive motion moot." *Hugueley*, 2020 WL 636579, at *3 (citing *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005)). *See also Williamson v. Freytag*, No. 2:18-CV-141, 2020 WL 1975411, at *1 (W.D. Mich. Apr. 24, 2020) (citing *Parks v. Federal Exp. Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001)) ("The general rule is that an amended complaint supersedes the original complaint; therefore, dispositive motions pertaining to the original complaint are moot.").[3]

At first blush, this case law suggests, as Plaintiff argues (Doc. No. 32 at 3-4), that the Petition plainly must be dismissed as moot due to the filing of the FAC (Doc. No. 31). Defendant's Reply argues by contrast, pointing to a single California state-court decision, that "courts in other jurisdictions have found that a plaintiff may not amend its complaint to escape a court's consideration of an anti-SLAPP motion filed against the original complaint." (Doc. No. 33 at 3) (citing *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.*, 122 Cal. App. 4th 1049, 1052, 1054-56 (2004)). While the state-court case on which Defendant relies does stand for this proposition, decisions in state courts do not necessarily implicate the "liberal amendment policy" of Fed. R. Civ. P. 15, *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), and Defendant does not point this Court to any federal court decision supporting its stated proposition. In fact, some (though not all), federal courts explicitly reject the California state court practice of preventing a plaintiff from "'escap[ing] the anti-SLAPP procedures'" by "'amending her complaint.'" *Masimo Corp. v. Mindray DS US, Inc.*, No. SACV 12-02206-CJC, 2014 WL 12597114, at *1 (C.D. Cal.

---

[3] "Some courts have determined that a dispositive motion is not moot 'when the amended complaint is substantially identical to the original complaint.'" *Williamson*, 2020 WL 1975411, at *1 (quoting *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No. 1:08-CV-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009)). But Defendant does not ask the Court to do likewise; in arguing that the Petition is not moot, Defendant does not rely on any purported substantial identicality between the Complaint and the FAC, and so the Court will not address this potential ground for finding a lack of mootness.

Jan. 2, 2014) (quoting *Schaffer v. City & Cnty. of San Francisco*, 168 Cal. App. 4th 992, 1005 (2008)). These federal courts have held instead that "[a]llowing amendment avoids a direct collision between [the state statute] and the Federal Rules of Civil Procedure." *Id. See also Garcia v. Allstate Ins.*, No. 1:12-CV-00609-AWI, 2012 WL 4210113, at *12 (E.D. Cal. Sept. 18, 2012) (rejecting California state court practice and permitting leave to amend complaint in face of anti-SLAPP motion because "Defendant removed this action from state court to this Court and, as such, the motion is being determined under federal rules"), *report and recommendation adopted*, No. 1:12-CV-00609-AWI, 2012 WL 4982145 (E.D. Cal. Oct. 17, 2012). *But see Enwere v. Hiller*, No. C 11-00645-JSW, 2011 WL 2175497, at *2 (N.D. Cal. June 3, 2011) (citing *Salma v. Capon*, 161 Cal. App. 4th 1275, 1280 (2008)) ("A plaintiff may not . . . amend her complaint before the court rules on a pending anti-SLAPP motion."); *Williams v. Stitt*, No. C 14-00760 LB, 2014 WL 3421122, at *5 (N.D. Cal. July 14, 2014) (same). In accord with those federal courts rejecting the California state practice of preventing a plaintiff "'escap[ing] the anti-SLAPP procedures'" by "'amending her complaint'" *Masimo*, 2014 WL 12597114, at * 1 (quoting *Schaffer*, 168 Cal. App. 4th at 1005 (2008)), federal courts (generally in the Ninth Circuit) have held that amending a complaint does moot such anti-SLAPP motions. *See e.g., Optinrealbig.com, LLC v. Ironport Sys., Inc.*, No. C 04-1687 SBA, 2004 WL 1737275, at *1 (N.D. Cal. July 28, 2004) (determining that the plaintiff's first amended complaint "mooted the anti-SLAPP Motion because a plaintiff's ability to amend a complaint as of right trumps a defendant's anti-SLAPP Motion, even where the filing of the amended complaint may circumvent the SLAPP statute"); *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (holding that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment.");

*In re Eagan Avenatti LLP*, No. 8:19-BK-13560-SC, 2021 WL 5759858, at *2 (C.D. Cal. Dec. 2, 2021) (finding an anti-SLAAP motion moot "with respect [to] the Third through Sixth Claims" after "Appellee. . .amended the Amended Complaint, removing the Third through Sixth Claims, rendering them no longer at issue.")); *Garrett v. Hine*, No. 121-CV-00845-DAD-BAK, 2022 WL 2067903, at *6 (E.D. Cal. June 8, 2022) (permitting "plaintiffs to amend their complaint so as to remove the state-law claims that are the subject of defendants' anti-SLAPP motion" and denying as moot defendants' motion to strike those claims). *Cf. Masimo*, 2014 WL 12597114, at * 1 (quoting *Schaffer*, 168 Cal. App. 4th at 1005); *Garcia*, 2012 WL 4210113, at *12.

The Court finds no reason to depart either from this line of cases (specific to anti-SLAPP motions) or the more general principle in his Circuit that "the filing of an amended complaint renders any pending *dispositive motion* moot." *Hugueley*, 2020 WL 636579, at *3 (emphasis added). Accordingly, the Court holds that Defendant's Petition is moot. Therefore, the Court need not reach the second or third of the issues it has identified above.

That is not to say, however, that the Court will *never* reach those issues in this litigation. This is because Defendant "may re-file dispositive motions . . . after the amended complaint is filed," *Doe v. Warren Cnty., Ohio*, No. 1:12-CV-789, 2013 WL 684702, at *1 (S.D. Ohio Feb. 25, 2013), *report and recommendation adopted sub nom. Doe v. Warren Cnty. Child. Servs.*, No. C-1-12-789, 2013 WL 1867034 (S.D. Ohio May 2, 2013), and Defendant has already done so here by filing its "Motion to Dismiss the First Amended Complaint for Failure to State a Claim, and Tennessee Public Participation Act Petition" (Doc. No. 36). Included in Defendant's filing at Docket No. 36 is another TPPA petition, this one directed at the claims in the FAC. To the extent necessary, in addressing the new TPPA petition, the Court will resolve the second and third issues

above, i.e., whether the TPPA's procedural framework may be applied in federal court and whether Defendant's TPPA Petition is meritorious.

Conclusion

Accordingly, for the reasons stated herein, both aspects of the Motion (Doc. No. 20)—i.e., Defendant's Motion to Dismiss for failure to state a claim and Defendant's Petition—are moot. Accordingly, the Motion is **DENIED** in its entirety.[4]

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] To the extent that Plaintiff requests this Court "award to Plaintiff the court costs and reasonable attorney's fees it incurred in opposing" Defendant's Petition (Doc. No. 32 at 2 n.2) the Court denies this request, for two reasons. First, the Court itself requested additional briefing on Defendant's Petition (Doc. No. 30 at 1 n.2), and second, Defendant has been forthright with the Court regarding the basis for filing the Petition. (Doc. No. 23 at 15) (Defendant "raises [the Petition] to avoid any waiver" and "recognizes that some decisions have been issued in the Middle District of Tennessee which have declined to apply the TPPA in federal court under *Erie* principles.").