IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PATRIOT ANGELS CONSULTING CORP**, a Tennessee corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>**VETERANS OF FOREIGN WARS OF THE UNITED STATES**, a Missouri corporation,<br><br>　　　Defendant. | Case No. 3:24-cv-00087<br><br>**District Judge Eli J. Richardson**<br>**Magistrate Judge Alistair Newbern** |

### THIRD JOINT MOTION TO AMEND CASE MANAGEMENT ORDER

Pursuant to the September 23, 2025 Order entered by Magistrate Judge Alistair E. Newbern, ECF No. 81, and in accordance with Section M. of the Initial Case Management Order, ECF No. 26, Plaintiff Patriot Angels Consulting Corp ("Plaintiff") and Defendant Veterans of Foreign Wars of the United States ("Defendant"), collectively the "Parties," respectfully move the Court to amend the second Amended Case Management Order, ECF No. 77.

In support thereof, the Parties state as follows:

1. On April 1, 2024, the Court entered the Initial Case Management Order ("ICMO"), providing that fact discovery would close February 7, 2025, and setting the target trial date as February 10, 2026. ECF No. 26.

2. For good cause, the parties have twice moved for extensions of deadlines within the case management order.

3. First, on December 23, 2024, the Parties jointly moved to amend the ICMO and requested that all upcoming pretrial deadlines be extended by approximately two months on grounds that Plaintiff had not yet completed search and production of records

1

responsive to Defendant's requests for production and anticipated it would not do so until weeks before the close of fact discovery. ECF No. 61. The Court granted the motion and entered the Amended Case Management Order ("ACMO"), which adopted all of the Parties' requested deadlines. ECF No. 62.

4. On March 12, 2025, the Parties jointly moved to amend the ACMO due to a need for more time to complete discovery because Patriot Angels had not yet produced the majority of documents responsive to VFW's requests for production, and the VA had not yet produced documents responsive to VFW's request pursuant to *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("Touhy request") and 38 CFR § 14.805, seeking communications between the agency and Patriot Angels. The Parties also submitted that extensions could promote judicial economy in light of Defendant's pending motion to dismiss. *See* ECF No. 75.

5. The Court granted the Joint Motion and adopted the proposed deadlines. Under the operative case management order ("Second ACMO"), fact discovery is set to close on October 8, 2025. ECF No. 77.

6. On March 12, 2025, the Parties also moved to continue the trial date, originally scheduled for February 2026, so the parties would be able to develop a complete factual record through discovery and depositions. ECF No. 74. The Court granted the motion, and the trial is currently scheduled to commence on September 8, 2026. *Id.*

7. The Parties have worked diligently on fact discovery and believe they have substantially completed document discovery. Although the Parties have not yet taken depositions, a total of eight fact depositions have been noticed within the current discovery deadline.

8. The Parties submit that another extension of the interim case management dates is in the interest of judicial economy in light of Defendant's pending motion to dismiss

Plaintiff's First Amended Complaint, the briefing on which closed on June 6, 2024. *See* ECF Nos. 36-39, 49, 50. Much of the time and expense of forthcoming discovery may be saved depending on when and how the Court rules on the motion to dismiss.

9. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Washington v. Riverview Hotel, Inc.*, No. 3:19-CV-00097, 2020 WL 12990974, at *2 (M.D. Tenn. May 14, 2020) (cleaned up) (granting request to extend discovery and dispositive motion deadlines where movant had demonstrated diligence in attempting to meet original deadlines and the nonmoving party failed to demonstrate any prejudice).

10. There is good cause here to continue the Second ACMO deadlines. The Parties jointly represent that they have been diligently working to meet the deadlines set forth in the Second ACMO but would greatly benefit from a ruling from the District Court on the Motion to Dismiss before fact discovery in this case closes.

11. The Parties therefore respectfully propose that the Court amend the Second ACMO by extending the deadlines as follows:

    a.     The Parties shall complete all written discovery and depose all fact witnesses on or before **January 30, 2026.**

    b.     All motions related to fact discovery shall be filed within fourteen days (14) after the conclusion of fact discovery.

    c.     Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 27, 2026**.

    d.     Defendant shall identify and disclose all expert witnesses and expert reports

on or before **March 27, 2026**.

 e. All expert witnesses shall be deposed on or before **April 22, 2026**.

 f. On or before **April 29, 2026**, the Parties shall submit a joint report confirming that they made a good faith attempt to resolve the case.

 g. Dispositive motions shall be filed by no later than **April 29, 2026**.

12. The proposed extensions will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. The trial in this matter has been set for September 8, 2026. See ECF No. 76 (filed March 13, 2025).

For the foregoing reasons, the Parties respectfully move the Court to enter a Third Amended Case Management Order adopting the proposed deadlines the Parties have set forth herein.

Respectfully submitted,

| | |
|---|---|
| John C. Clough<br>BUCHALTER, A PROFESSIONAL CORPORATION<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, California 90017<br>Tel: 213.891.0700 Email:<br>jclough@buchalter.com | /s/ Robb S. Harvey<br>Robb S. Harvey (BPR #011519)<br>Holland & Knight<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>(615) 850-8859<br>robb.harvey@hklaw.com |
| /s/ Matthew J. DeVries by RSH w/permission<br>Matthew J. DeVries, TN BPR 025207<br>Summer J. Geyer, TN BPR 036873<br>BUCHALTER, A PROFESSIONAL CORPORATION<br>1 Music Circle South, Suite 300<br>Nashville, TN 37203<br>Tel: 629.224.6600<br>Email: mdevries@buchalter.com<br>Email: sgeyer@buchalter.com | Robert S. Gutierrez<br>Ballard Spahr, LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, CA 90067-2915<br>(424) 204-4400<br>GutierrezR@ballardspahr.com |
| *Counsel for Plaintiff Patriot Angels Consulting Corp.* | Lauren P. Russell<br>Ballard Spahr, LLP<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006<br>(202) 661-7605<br>RussellL@ballardspahr.com<br><br>*Counsel for Defendant Veterans of Foreign Wars of the United States* |