By separate order (Doc. No. 92), Judge Richardson granted this motion in part by setting a new trial date. Judge Richardson's order allows the Magistrate Judge to GRANT the remainder of the parties' motion and EXTEND the case management deadlines as requested.  It is so ORDERED.

_/s/ Alistair Newbern_
Alistair E. Newbern
U.S. Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PATRIOT ANGELS CONSULTING CORP, a Tennessee corporation, <br><br> Plaintiff, <br><br> v. <br><br> VETERANS OF FOREIGN WARS OF THE UNITED STATES, a Missouri corporation, owner/operator of vfw.org and DontFeedTheSharks.org, <br><br> Defendants. | Case No. 3:24-cv-00087 <br><br> District Judge Eli J. Richardson <br> Magistrate Judge Alistair Newbern <br><br> JURY DEMAND |

**CONSENT MOTION TO EXTEND NON-EXPIRED DEADLINES AND TRIAL DATE**

Defendant, Veterans of Foreign Wars of the United States, by and through its undersigned attorneys, with the consent of the Plaintiff, respectfully moves this Court to extend all non-expired deadlines and the trial date contained in the parties' Third Amended Scheduling Order [ECF No. 84] and states:

1. On December 23, 2025, Defendant filed a motion for substitution of counsel, removing Robert S. Gutierrez and Lauren P. Russell, both of the law firm Ballard Spahr LLP, as lead counsel for Defendant. Attorney Robb S. Harvey of Holland & Knight LLP remains on this case as licensed Tennessee local counsel.

2. In that same motion, Defendant substituted counsel and filed pro hac vice motions for Brian W. Warwick, Janet R. Varnell, Christopher J. Brochu, and Jeffrey L. Newsome of Varnell & Warwick, P.A., to serve as lead counsel for Defendant.

3. Defendant substituted Attorneys Warwick, Varnell, Brochu, and Newsome of Varnell & Warwick, P.A. as lead counsel in the above-captioned matter as the result of an unwaivable conflict that has arisen between the Defendant and its previous lawyers employed by Ballard Spahr LLP.

4. The parties' non-expired deadlines entered in the Third Amended Case Management Order ("ACMO") are as follows:

   - Fact discovery deadline is **January 30, 2026**, with discovery-related motions due fourteen (14) days thereafter.
   - Plaintiff's expert disclosures are due **February 27, 2026**.
   - Defendant's expert disclosures are due **March 27, 2026**.
   - Expert depositions must be completed by **April 22, 2026**.
   - The parties' joint settlement report and all dispositive motions are due **April 29, 2026**, in compliance with Local Rule 16.01(h)(1)'s requirement that dispositive motion briefing conclude no later than ninety days before trial.
   - Trial is presently set for **September 8, 2026**.

5. Defendant's new lead counsel cannot meet the present schedule[1] and requests a 90-day extension[2] of the existing ACMO and trial date, as follows:

---

[1] The Parties' existing deadline for fact and written discovery is January 30, 2026. Defendant substituted counsel on December 23, 2025, as the result of an unwaivable conflict due to no fault of the Defendant. On the current track, Defendant's new lead counsel would only have 38 days, including three federal holidays to review roughly one million pages of discovery served by Plaintiff, conduct eight scheduled depositions, with only eight days to serve any remaining written discovery.

[2] Defendant does not seek to extend the Parties' deadline to conduct alternative dispute resolution.

| Remaining Non-Expired Deadlines | Current Deadline | New Deadline |
|---|---|---|
| All written discovery and depositions of fact witnesses on or before: | January 30, 2026 | April 30, 2026 |
| All motions related to fact discovery shall be filed within fourteen (14) days after the conclusion of fact discovery | | |
| Plaintiff shall identify and disclose all expert witnesses and expert reports on or before: | February 27, 2026 | May 28, 2026 |
| Defendant shall identify and disclose all expert witnesses and expert reports on or before: | March 27, 2026 | June 25, 2026 |
| All expert witnesses shall be deposed on or before: | April 22, 2026 | July 21, 2026 |
| The Parties' shall submit a joint report confirming that they made a good faith attempt to resolve the case on or before | April 29, 2026 | April 29, 2026 |
| Dispositive Motions shall be filed no later than: | April 29, 2026 | July 28, 2026 |
| Trial Date | September 8, 2026 | December 8, 2026 |

6. Good cause exists under Rule 16(b)(4) to extend the remaining non-expired deadlines and to make a modest adjustment to the trial date in light of the mandatory substitution of lead counsel and the compressed and sequential timing established by the Third Amended Case Management Order ("Third ACMO"), ECF No. 84.

7. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements." *Washington v. Riverview Hotel, Inc.* No. 3:19-cv-00097, 2020 WL 12990974, at *2 (M.D. Ten. May 14, 2020) (cleaned up) (granting request to extend discovery and dispositive

motion deadlines where movant had demonstrated diligence in attempting to meet original deadlines and the nonmoving party failed to demonstrate any prejudice).

8. There is also good cause here to extend the non-expired Third Amended Case Management Order deadlines. The Plaintiff consents to all of the extensions sought in this motion. The Parties have been diligently working to meet the deadlines set for in the Third Amended Case Management Order but would also benefit from a ruling from the District Court on the Defendant's Motion to Dismiss before fact discovery closes in this case.

9. The proposed extensions will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.

10. No party opposes this Motion.

11. The requested extensions are made in good faith and not sought for purposes of delay.

## Requested Relief

Considering the unwaivable conflict created by Defendant's previous lead counsel, and with the Plaintiff's consent, Defendant respectfully requests that this Court extend all non-expired deadlines and trial date by 90-days, as outlined in the proposed new scheduling order outlined above in Paragraph 5 herein.

## Certification of Counsel

Pursuant to LCrR12.01(c), on December 19, 2025, Attorneys Brochu and Newsome conducted a meet and confer via Zoom with Plaintiff's counsel. Plaintiff consents to the requested relief.

| | |
|---|---|
| Date: December 29, 2025 | VARNELL & WARWICK, P.A. |// 

Date: December 29, 2025      VARNELL & WARWICK, P.A.

/s/ Christopher J. Brochu
Christopher J. Brochu: 1013897*
Jeffrey L. Newsome, II: 1018667*
Brian W. Warwick; FBN: 0605573*
Janet R. Varnell; FBN: 0071072*
Pamela Levinson, 538345*
400 N. Ashley Dr., Ste. 1900
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
bwarwick@vandwlaw.com
jvarnell@vandwlaw.com
jnewsome@vandwlaw.com
cbrochu@vandwlaw.com
plevinson@vandwlaw.com
ckoerner@vandwlaw.com

*Pro Hac Vice Application Pending

/s/ Robb S. Harvey (by CJB with permission)
Robb S. Harvey (Tenn. BPR No. 011519)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850.8859
robb.harvey@hklaw.com

*Counsel for Defendant*
*Veterans of Foreign Wars of the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, a copy of the foregoing was filed via the Court's CM/ECF system which is anticipated to serve the following counsel of record:

John C. Clough
BUCHALTER, A PROFESSIONAL CORPORATION
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017
Tel: 213.891.0700
Email: jclough@buchalter.com

Matthew J. DeVries, TN BPR 025207
Summer J. Geyer, TN BPR 036873
BUCHALTER, A PROFESSIONAL CORPORATION
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: 629.224.6600
mdevries@buchalter.com
sgeyer@buchalter.com

/s/ Christopher J. Brochu
Christopher J. Brochu