UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRIOT ANGELS CONSULTING CORP,<br><br>Plaintiff,<br><br>v.<br><br>VETERANS OF FOREIGN WARS OF THE UNITED STATES,<br><br>Defendant. | ) | NO. 3:24-cv-00087<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a "Motion for Summary Judgment" (Doc. No. 115, "Motion") filed by Defendant, the Veterans of Foreign Wars of the United States. Supporting the Motion is a memorandum (Doc. No. 116, "Memorandum")[1] and a statement of facts (Doc. No. 117, "SOF")[2] comprising 235 purportedly material and undisputed facts.

Plaintiff, Patriot Angels Consulting Corp, has filed a response (Doc. No. 127, "Response")[3] in opposition to the Motion. Plaintiff has also filed a response to the SOF (Doc. No. 128, "SOF Response"),[4] which also contains Plaintiff's "Additional Statement of Undisputed Material Facts."

[1] The Memorandum is filed under seal. A proposed redacted and not-under-seal version of the memorandum is filed at Docket No. 142-6.

[2] The SOF is filed under seal. A proposed redacted and not-under-seal version of the SOF is filed at Docket No. 142-7. When citing or referring to the SOF, the Court will, after the sentence in which this footnote is placed, cite the redacted and not-under-seal version of the SOF at Docket No. 142-7.

[3] Plaintiff's Response is filed under seal. A proposed redacted and not-under-seal version of the Response is filed at Docket No. 146-2.

[4] Plaintiff's SOF Response is filed under seal. A proposed redacted and not-under-seal version of the SOF Response is filed at Docket No. 146-3. When citing or referring to the SOF Response herein, the Court will, after the sentence in which this footnote is placed, cite the redacted and not-under-seal version of the SOF Response at Docket No. 146-3.

(*Id.* at 89-93). Defendant has filed a reply in further support of the Motion. (Doc. No. 134, "Reply").[5]

For the reasons described herein, the Motion (Doc. No. 115) is **DENIED**.

## BACKGROUND

The present action, which the Court will summarize no more than is necessary for the narrow purposes of this Memorandum Opinion and Order, arises from events set out in the amended and currently operative complaint (Doc. No. 31, "Complaint") concerning: (i) Defendant's alleged defamation of Plaintiff (*id.* at 12-14); and, related to that alleged defamation, (ii) Defendant's alleged tortious interference with Plaintiff's business relationships. (*Id.* at 14-15). The Court previously denied (Doc. No. 98) Defendant's motion to dismiss (Doc. No. 36) the Complaint. Of note, in its order (Doc. No. 98) denying Defendant's motion to dismiss (Doc. No. 36), the Court limited the scope of Plaintiff's claims against Defendant in certain respects that are immaterial to the Court's resolution of the Motion. (Doc. No. 98 at 1).

As one would expect in light of the Motion's title, Defendant contends via the Motion that it is entitled to summary judgment on Plaintiff's claims. (Doc. No. 115).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties

[5] The Reply is filed under seal. No proposed redacted and not-under-seal version of the Reply has been filed. However, Plaintiff (the party who, for reasons the Court need not explain herein, would be the only conceivable party seeking the continued maintenance of the Reply under seal), has indicated in a pending motion to seal that it does not seek for the Reply to remain under seal. (Doc. No. 148 at 2). The Court herein does not order the Reply unsealed given that various motions to seal (Doc. Nos. 142, 144, 146, 148) remain pending, and the unsealing of the Reply will (in all likelihood) be carried out by the resolution of those motions.

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).[6] In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[7] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

---

[6] The Court provides below an analysis of just what constitutes a "material" fact.

[7] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact.

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## ANALYSIS

Ordinarily, when considering a motion for summary judgment, such as the instant Motion, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. As noted above, the SOF—filed in support of the Motion—contains *two hundred and thirty-five* purportedly material facts. Based on the length of the SOF, the Court will deny the Motion. The Court is justified in doing so on several grounds, as discussed below.

### I. The Local Rules, Conciseness, and Material Facts

The May 15, 2025 version of the Local Rules (hereinafter "2025 Local Rules" or "2025 Local Rule")—the iteration of the Local Rules in effect both now and at the time the Motion was filed—provides various rules regarding what a summary judgment movant should do in bringing its motion. As relevant here, 2025 Local Rule 56.01(c)(1) provides that a summary judgment movant "must file a *concise*, non-argumentative statement of the alleged undisputed material facts

(not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment." 2025 Local Rule 56.01(c)(1) (emphasis added).

The predecessor to 2025 Local Rule 56.01(c)(1) is 2020 Local Rule 56.01(b), and the revisions of 2020 Local Rule 56.01(b) that resulted in 2025 Local Rule 56.01(c)(1) did not dilute or otherwise relax the requirements for a summary judgment movant's statement of facts previously articulated in 2020 Local Rule 56.01(b).[8] This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed November 12, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed November 12, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed November 12, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely,

[8] The Court will refer herein to the statement of facts contemplated now by 2025 Local Rule 56.01(c), or previously by 2020 Local Rule 56.01(b), as a "Rule 56.01 statement."

"no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a "concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a seemingly very broad standard, given the unclear and debatable boundaries of the notion of what "might affect the outcome of a lawsuit." Indeed, the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. And there is

authority for the proposition that the standard is not nearly so broad as conceivably "might affect," at least in some minimal way, "the outcome of [a] suit." *Id.* As one district court in this circuit has stated, "a fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Westfield Ins. Co. v. Enter. 522, LLC*, 34 F. Supp. 3d 737, 743 (E.D. Mich. 2014) (citing *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984)).[9] To state *Kendall's* definition more precisely:

> A fact is "material" and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties.

*Kendall*, 751 F.2d 171 at 174 (quoting Black's Law Dictionary 881 (6th ed. 1979) (quoting *Johnson v. Soulis, Wyo.,* 542 P.2d 867, 872 (1975))). In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors state:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it *tends to resolve* any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they *constitute a legal defense*, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is *so essential that the party against whom it is decided cannot prevail*. On the other hand, a factual issue that is not *necessary* to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016) (emphasis added). Notably, *everything* in this passage suggests the kind of narrow view of materiality embraced by *Kendall,* except where it

[9] *Kendall* was decided before *Celotex* but is recognized (as in *Westfield Ins. Co.*) as still good law, including on the points for which the Court cites it herein.

(incongruously, in the view of the undersigned) ditches that approach with a suggestion that a fact can be material if it merely "*might* affect the result of the action." *Id.* (emphasis added).

Although these observations are of some help in grasping the notion of "material fact," the reality is that the precise boundaries of that notion remain somewhat obscure. But those boundaries can be (and need to be) identified to some extent. Ultimately the Court concludes from its survey of applicable authority that "materiality"—even if not as narrow as *Kendall* indicates—plainly is not nearly broad enough to encompass every discrete fact that merely contributes incrementally to a factual narrative that, when combined with a legal argument, justifies summary judgment. Such facts are garden-variety relevant facts rather than material facts, and confusion is sown when they are presented by a movant as material facts.

The Court recognizes that a summary judgment movant cannot be faulted for including in its Rule 56.01 statement every fact that it properly identifies as material, no matter how many other material facts are included therein. As the plain goal of a Rule 56.01 statement is presenting all material facts to the court, no material fact should be excluded on the grounds that there are already too many (other) material facts. But a statement of fact should be excluded from a Rule 56.01 statement if, properly understood, it is (i) not a statement of fact at all or (ii) a statement of fact but not properly considered a statement of *material* fact. Unfortunately, the Court often sees summary judgment movants inaptly include, in a Rule 56.01 statement, these two categories of factual statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden-variety "relevant" fact and a fact that is material. That focus is crucial because, of course, "the essential inquiry concerning a motion for summary

judgment is whether there exists a genuine issue as to any *material* fact—not whether there is a genuine issue as to *any* fact." *Kendall*, 751 F.2d at 174 (emphasis original).

The upshot is that a Rule 56.01 statement should, by including only material facts, always exclude garden-variety relevant facts. And the frequent failure of summary judgment movants to so exclude garden-variety relevant facts is odd because, as explained below, it is counterproductive to over-classify facts as material. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a summary judgment movant (be it a defendant or, less frequently, a plaintiff) will be successful only if it "shows *that there is no genuine dispute as to any material fact* and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). This means (among other things) that the movant must show that, as to *each and every* material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* (rather than *more*) material facts, the movant persuades the court that the movant has less that it needs to achieve—i.e., fewer alleged facts to establish (or debunk)—in order to be granted summary judgment. Conversely, the *more* material facts a movant posits, the greater the possibility that the court will deny the motion for summary judgment based on the existence of a genuine issue as to any single purported material[10] fact. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid placing upon oneself the burden of showing the indisputability of more facts than are actually necessary to be shown to be indisputable.

---

[10] Purported, that is, by the movant itself.

So in the Court's eyes, summary judgment movants have every incentive to minimize, to the fullest possible (ethical) extent, the number of material facts. But unfortunately, often they seem not to realize this. Indeed, the considerations articulated in the *McLemore* analysis (repeated in large part verbatim just above) were reflected in the 2025 amendments to 2020 Local Rule 56.01 and ought to counsel summary judgment movants to carefully consider concision and materiality *before* submitting a statement of alleged undisputed material facts to the Court. *Compare* 2020 Local Rule 56.01(b) ("Each fact must be set forth in a separate, numbered paragraph") *with* 2025 Local Rule 56.01(c)(2) ("Each individual *material* fact must be numbered separately") (emphasis added); *compare* 2020 Local Rule 56.01(c) ("Any party opposing the motion for summary judgment must respond to each fact set forth by the movant") *with* 2025 Local Rule 56.01(e) ("The respondent must also respond to the movant's statement of undisputed *material* facts in a separately filed response.") (emphasis added).

The Court discerns that there are two critical defects with respect to the SOF, so as to justify the denial of the Motion. First, the Court discerns that the SOF is not nearly *concise* as required by 2025 Local Rule 56.01(c)(1). Even a brief review of the SOF reveals numerous purportedly material facts that, in the view of the Court, are in actuality entirely immaterial because neither the existence nor the non-existence of those facts would help establish the Motion's assertion that Defendant is entitled to judgment as a matter of law on one or more of Plaintiff's claims. For example, the fact numbered "4" in the SOF merely explains that "Suzette Graham served as [Plaintiff's] Chief Executive Officer and majority owner during the relevant period." (Doc. No. 142-7 at ¶ 4). Further, the fact numbered "55" in the SOF merely states that Defendant "is a federally chartered nonprofit veterans service organization." (*Id.* at ¶ 55). And the fact numbered "56" states how long Defendant has been in operation. (*Id.* at ¶ 56 ("The VFW has continuously

operated for more than 125 years.")). Plainly, these facts do not help establish, with respect to any of Plaintiff's claims, either an affirmative defense for Defendant or the absence of an element.

At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout the SOF) are even arguably material to the claims pending in the case at bar. The Court perceives that many of the facts stated by Defendant simply cannot be construed as material.

And consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, this leads the Court to conclude that the SOF—because it includes facts that are plainly not *material*—is not in fact *concise* as required by 2025 Local Rule 56.01(c) and is thus in violation of 2025 Local Rule 56.01(c). This non-compliance with 2025 Local Rule 56.01(c) alone provides the Court with a basis to deny the Motion. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

But even if the Court were to conclude that the SOF was concise as required by 2025 Local Rule 56.01(c)—i.e., if the Court accepted that each of the facts included in the SOF was in fact material—this would not save the Motion. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), make clear that a movant for summary judgment (in this case Defendant) must remove every genuine issue of material fact. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute)

for trial. Here, Defendant contends that there are *two hundred and thirty-five* material facts. So, under Defendant's own theory, Defendant must show *that there is no genuine dispute as to any* of these 235 (purportedly) material facts in order to be entitled to summary judgment. If even *one* of these 235 (purportedly) material facts is in genuine dispute, then it would follow (under Defendant's own theory) that Defendant is *not* entitled to summary judgment. By the Court's count, Plaintiff disputes, in whole or in part, a large proportion of the facts in the SOF in Plaintiff's SOF Response. (*See e.g.,* Doc. No. 146-3 at ¶¶ 1, 5, 10-17, 19-24, 26, 27, 29-32, 35, 36, 54, 72, 74, 89, 94, 95, 107, 112, 116, 125, 130-34, 139, 140, 152, 157, 161, 165, 166, 177, 179, 182, 186, 190, 191, 196, 198, 199, 205, 207-09, 212-15, 218, 221, 222). Given not just the plethora of (purportedly) material facts that Defendant has submitted along with their Motion, but also the sheer number of these facts that Plaintiff contends are in fact *in genuine dispute*, the Court discerns that it is mathematically unlikely that Defendant will be able to show that all of its (purportedly) material facts are *not* in genuine dispute as required for Defendant to obtain summary judgment in full.[11] This provides a further justification for denying the Motion.

To the extent that the reader (or the parties, and especially Defendant) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Motion: the parties in this action have been ordered on multiple occasions to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary

[11] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendant could go 235 for 235—or that Plaintiff could go 0 for 235—on Defendant's factual assertions. But as a matter of mathematical probability, it seems implausible. And in deciding whether the metaphorical juice is worth the squeeze required to assess the purported indisputability (or undisputedness) of each and every one of 235 different purported facts, the Court has the prerogative to take this reality into account.

judgment movant's statement of undisputed material facts. Indeed, in the initial case management order (Doc. No. 26), the Magistrate Judge ordered:

> All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

(Doc. No. 26 at 6). Moreover, the Court provided in three orders setting this case for trial:

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

(Doc. No. 27 at 3; Doc. No. 76 at 3; Doc. No. 92 at 3). So, Defendant (and for that matter, Plaintiff) has repeatedly been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet Defendant nevertheless has failed to follow this Court's guidance in *McLemore*—namely by filing a statement of facts that is not concise as required by 2025 Local Rule 56.01(c) and otherwise including such a plethora of (purportedly) material facts in the SOF as to make clear to the Court that Defendant is unlikely (mathematically) to succeed in showing that each of these facts is in fact not in genuine dispute, due to both the sheer number of facts that Defendant has included in their SOF and the sheer number of these facts that Plaintiff contends are genuinely in dispute. The failure of Defendant to adhere to *McLemore*, despite this Court's orders, provides further support for the Court's decision to deny the Motion.

## II. The Court's Discretion to Deny the Motion

Even assuming (contrary to the Court's conclusions above) that (1) Defendant had filed a statement of facts that was concise so as to be in compliance with 2025 Local Rule 56.01(c), (2) Defendant had demonstrated that all of the (purportedly) material facts in the SOF were not in genuine dispute, and (3) Defendant had otherwise met its burden as a summary judgment movant, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Motion and manage the case by deciding to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motion. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc*., No. 2:06-CV-00275, 2009 WL 10679648, at *1-2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit has noted:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting

> summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the Motion, given some of the motion-specific observations made above, the Court discerns that resolving the instant Motion (with the attention it deserves) on the merits might well require more judicial resources than for this case to go to trial.[12] And, of course, if the Motion were to be decided and *denied* (in whole or even in part), then the resources spent on the Motion's resolution could be entirely in addition, rather than in the alternative, to the resources spent on a trial.[13]

Moreover, as shown by the cases just reviewed above, the Court is well within its discretion to deny the Motion on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the

---

[12] The Court says this given the modest number and the interrelated nature of Plaintiff's claims and the parties' estimation (although rendered in the context of the original complaint) that the trial would take approximately 3 days, (Doc. No. 26 at 8), a duration that is relatively short for a trial. This does not appear to be a case that would require much judicial elbow grease in performing the judge's out-of-court trial work, such as crafting jury instructions. Further, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to a summary judgment motion that shakes out like this one does.

[13] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* the motion for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

The Court notes that the parties' effort expended in briefing the Motion ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties (and Defendant in particular).

## III. Plaintiff's Improper Statement of Undisputed Material Facts

The Court will offer one final remonstration before concluding this Memorandum Opinion and Order. Plaintiff's SOF Response also contains a so-called "Additional Statement of Undisputed Material Facts." (Doc. No. 146-3 at 89-93). Plaintiff purported to file its "Additional Statement of Undisputed Material Facts" pursuant to "Federal Rule of Civil Procedure 56(c)(1) and Local Rule 56.01(d)." (*Id.* at 89).

Fed R. Civ. P. 56(c)(1) does not authorize the filing of a statement of facts, either by the movant or the nonmovant on a motion for summary judgment. Moreover, the 2025 Local Rules—either in 2025 Local Rule 56.01(d) or in some other provision—plainly do not contemplate a *nonmovant* opposing a motion for summary judgment by filing (or seeking to file) a statement of additional material facts, as Plaintiff (being the nonmovant with respect to the Motion) has done. It is true that the 2020 Local Rules permitted a nonmovant facing a motion for summary judgment to file a statement of additional (*disputed*, rather than undisputed) material facts. 2020 LR 56.01(c)(3). However, on May 15, 2025, over a year before Defendant filed the Motion and Plaintiff filed its "Additional Statement of Undisputed Material Facts," the 2020 Local Rules were amended. And, as the Court has just noted above, the amended Local Rules—those in effect

currently, in effect at the time that Defendant moved for summary judgment, and in effect at the time that Plaintiff filed its "Additional Statement of Undisputed Material Facts"—omit any mention of a nonmovant to a summary judgment motion, like Plaintiff, filing a statement of additional material facts, like Plaintiff's "Additional Statement of Undisputed Material Facts." That is to say, Plaintiff's "Additional Statement of Undisputed Material Facts," as an additional statement of material facts filed by a nonmovant facing a motion for summary judgment, is plainly not contemplated by the Local Rules in their current iteration (and for good reasons into which the Court need not delve herein).[14] Plaintiff's counsel is admonished to keep current on the Local Rules.

CONCLUSION[15]

Accordingly, the Motion (Doc. No. 115) is **DENIED**. Additionally, the various motions, filed in connection with the Motion, that seek the exclusion of certain kinds of evidence (Doc. Nos. 114, 125, 126) are **DENIED** as moot, without prejudice to refiling as part of any motion in

[14] Even though Plaintiff's "Additional Statement of Undisputed Material Facts" is not contemplated by the current version of the Local Rules, this Court has, at times, permitted parties engaged in briefing on a motion for summary judgment to file certain types of statements of facts that are not expressly contemplated by the Local Rules if such statements of facts are actually helpful to the Court in deciding the underlying motion for summary judgment. *Cf. Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009) (declining to strike additional statements of facts filed in connection with summary judgment motions that were not expressly contemplated by the Local Rules where the at-issue "statements amplif[ied] the issues [in the case] and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts."). In the view of the undersigned, however, should a party in the future wish to file a statement of facts that is not expressly contemplated by the Local Rules, going forward the party should file a motion for leave to do so if it wants to have any chance for the undersigned to even think about considering such a statement.

[15] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.

limine or other pretrial motion as trial approaches. As noted in a footnote above, the motions to seal at Docket Nos. 142, 144, 146, and 148 remain pending.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE